**James Greer TRIPP, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 98–SC–000273–KB.

Supreme Court of Kentucky.

May 21, 1998.

## OPINION AND ORDER

Movant, James Greer Tripp, of Mt. Sterling, Kentucky, has moved for permission to resign from the Kentucky Bar Association under terms of suspension for a period of six months, pursuant to SCR 3.480(3), to resolve a pending disciplinary charge. The Kentucky Bar Association has responded that it has no objection to our granting the motion.

The two-count disciplinary charge arose from Movant's representation of Edward Bibby. Movant was retained to represent Bibby in the defense of a civil action. Throughout the course of litigation, Movant failed to take reasonable actions to contact or locate Mr. Bibby to inform him of the status of the case. Following Movant's failure to respond to a request to produce documents, and an ensuing motion to compel, the court entered an order striking defense pleadings and entering a default judgment against Mr. Bibby. During this same period, Movant failed to inform Mr. Bibby that he had filed a motion to withdraw as counsel. As a result, on December 5, 1997, the Inquiry Tribunal issued a two-count charge against Movant. Count I charged Movant with a violation of SCR 3.130–1.3, which provides that a "lawyer shall act with reasonable diligence and promptness in representing a client." Count II charged Movant with a violation of SCR 3.130–1.4(a), which provides that a "lawyer should keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

SCR 3.480(3) provides that "Any member who has been engaged in unethical or unprofessional conduct and desires to withdraw his membership shall file a verified motion with the Court...." The Court may thereupon either grant the motion, stating the conditions upon which withdrawal is granted, or deny the motion and direct completion of disciplinary proceedings.

We grant the motion of James Greer Tripp to resign from the Kentucky Bar Association for a period of six months under terms of suspension. It is further ordered that:

1. Movant shall not be permitted to engage in the practice of law in the Commonwealth of Kentucky as defined by SCR 3.020 until such time as this Court enters an order reinstating his license to practice law.

2. Any application for reinstatement filed by Movant shall be governed by SCR 3.510, reinstatement in cases of disciplinary suspension, or any subsequent amendment to SCR 3.510. The disciplinary proceeding represented by Kentucky Bar Association, File No. 6256, shall be terminated with the costs to be paid by Movant in accordance with SCR 3.450(1) and 3.480(3).

3. Movant shall comply with the provisions of SCR 3.390 regarding notice to all courts in which he has matters pending and to all clients for whom he is actively involved in representation of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. Movant shall return all active files to his clients.

4. Movant shall pay the costs of this proceeding.

All concur.

ENTERED: May 21, 1998.

/s/Robert F. Stephens
Chief Justice